SEYFARTH SHAW LLP
Andrew C. Crane (SBN 285211)
acrane@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendant
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BILLER,<br><br>              Plaintiff,<br><br>     vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No. 13-cv-07729-R-JC<br><br>**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**<br><br>*(Submitted Concurrently with [Proposed] Order)*<br><br>(Los Angeles County Superior Court Case No. BC 520812) |

STIPULATED PROTECTIVE ORDER

17043978v.1

As evidenced by the signatures of their respective counsel below, James Biller ("Plaintiff") and The Prudential Insurance Company of America ("Prudential"), collectively "the Parties" herein, hereby stipulate to the terms of this Stipulated Protective Order And Confidentiality Agreement (the "Order") to provide for the protection of documents and information which contain confidential and/or proprietary information of that Party and/or any of his/its agents, employees, partners, parent or subsidiary entities, or other related entities, or of customers or other third parties with whom that Party does business (the "Protected Persons").

The Parties stipulate to this Order in order to provide for the discovery of certain alleged Confidential Information of the Protected Persons, as defined below, and to provide for the use of such Information solely in investigation of claims arising out of a dispute regarding claims for disability benefits from the applicable long-term disability policy (the "policy") at issue in this litigation. Therefore, it is hereby ordered as follows:

"Confidential Information" shall mean and include trade secrets, confidential, proprietary, and/or financial information of the Protected Persons, the disclosure of which may cause competitive harm to the producing Party. With respect to documents which either Party contends contains Confidential Information, such documents must be specifically designated as "Confidential" at the time such documents are produced or within ten (10) days thereafter in order to be treated as "Confidential Information." In particular, each document containing Confidential Information must be plainly stamped with the term "Confidential". Documents may be designated as Confidential more than ten (10) days after production if the producing party can demonstrate that the document was produced inadvertently.  In the event the document is designated Confidential after the date

of the production, the producing party must re-re-produce the document(s) plainly stamped with the term "Confidential."

Confidential Information shall not be used or communicated for any purpose other than the conduct of this Action. No one shall be permitted access to Confidential Information except for the prosecution or defense or appeal of this Action, except that a Party may use their own Confidential Information for any purpose.

Confidential Information may be disclosed only to the following:

(a) The receiving Party's counsel of record and counsel's employees to whom it is necessary that such information be shown for purposes of conducting the Action;

(b) Experts and consultants retained by counsel for the receiving Party for the conduct of the Action so long as they first sign the Declaration attached as Exhibit A (which shall be retained by counsel) and thereby agree to be bound by the Agreed Protective Order;

(c) The receiving Party and the receiving Party's officers, employees, agents, and representatives, who assist counsel for the receiving Party in the conduct of the Action;

(d) Deponents of the Parties at their depositions and such court reporter personnel only to the extent necessary for purposes of conducting the Action;

(e) Third-party witnesses to whom it is necessary that such information be shown for purposes of conducting the Action, as long as they first sign the Declaration attached as Exhibit A (which shall be retained by counsel) and thereby agree to be bound by the Agreed Protective Order.

(f) The Court (including Court personnel and jurors)

Confidential Information may be filed with the Court only under seal, either electronically in accordance with Local Rule 79.5 or as follows: the designated

documents or materials shall be placed in a sealed envelope or other appropriately sealed container on which shall be stated (i) the name and caption of the Action; (ii) the name of the Party filing the sealed envelope or the container; and, (iii) a statement substantially in the following form:

This envelope (or container) is sealed pursuant to a Protective Order, and is not to be opened nor the contents thereof displayed or revealed to anyone other than counsel of record in this action or employees and agents of the Court, except pursuant to stipulation of the producing Party or order of the Court.

Confidential Information may be used in deposition proceedings in the Action and marked as exhibits to depositions only as follows:

(a)   If a Party asserts confidentiality with respect to all or any portion of deposition testimony and/or deposition exhibits, that Party shall, during the deposition or within twenty (20) business days after the deposition transcript is received by the Party, designate in writing to opposing counsel with specificity the portions of the deposition and/or deposition exhibits with respect to which confidentiality is asserted. The deposition and exhibits shall be deemed confidential during the pendency of such twenty (20) business days or until such written designation is made, whichever event occurs first.

All copies of Confidential Information authorized to be reproduced under this Agreement will be treated as though they were originals and the confidentiality of each copy will be maintained in accordance with the terms and conditions hereof. Copies of all documents and other tangible things containing Confidential Information derived from Confidential Information shall also be treated as Confidential Information.

Should any Party challenge the designation of Confidential Information, the producing party designating the material as Confidential shall have the burden of proving to the Court that said information is confidential.

Within thirty (30) days of the termination of this litigation, including any appeals, all originals and reproductions of any documents designated as Confidential Information under the Agreement by the Protected Persons shall be returned to the Protected Persons or destroyed in a manner designed to preserve confidentiality. If a Party elects to destroy any such documents or materials that are designated as Confidential Information, the Party shall send a written acknowledgment to the producing Party to notify the producing Party of the destruction.

In the event a Party inadvertently produces a document protected by the attorney client privilege or work product doctrine, such production shall not itself constitute a waiver of any applicable privilege. Instead, upon written request, the receiving Party shall return to the producing Party any inadvertently produced document with respect to which the producing Party asserts a claim of privilege. The Party will then provide a privilege log for any documents withheld pursuant to a claim of privilege.

This Agreement shall serve as a stipulation and agreement between the Parties, and shall be effective immediately as to each respective Party upon signature by counsel for such Party.

This Protective Order may be amended or modified only by written stipulation of the Parties or by order of the Court.

SIGNED this 31st day of March 31, 2014.

_____
Honorable Manuel L. Real
UNITED STATES DISTRICT JUDGE

-5-

STIPULATED PROTECTIVE ORDER

17043978v.1

AGREED:

DATED: March 27, 2014            SEYFARTH SHAW LLP


                                 By */s/ Andrew C. Crane*
                                       Andrew C. Crane

                                 Attorneys for Defendant
                                 The Prudential Insurance Company of America


DATED: March 27, 2014            DONAHUE & HORROW, LLP

                                 By */s/ Nichole D. Podgurski*_____
                                 Nichole D. Podgurski, Esq.

                                 Attorneys for Plaintiff
                                 James Biller

# CERTIFICATE OF SERVICES

STATE OF CALIFORNIA            )
                               )   Ss
COUNTY OF LOS ANGELES          )

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, CA 90067. On March 27, 2014, I served the within documents:

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

☐    I sent such document from facsimile machine (310) 201-5219 on _____, 2014. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐    By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐    I caused the attached document to be delivered to the party(s) referenced below through our messenger service Nationwide Legal Service today.

☐    By transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below

☒    By electronically using the Court's CM/ECF System

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

1 | I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on March 27, 2014 at Los Angeles, California.

                                        /s/ Maria Palanca
                                           Maria Palanca

-8-

STIPULATED PROTECTIVE ORDER

17043978v.1